Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 5025 | **DATE** | March 14, 2011 |
| **CASE TITLE** | *Thomas v. City of Chicago, et al.* | | |

**DOCKET ENTRY TEXT**

Before the court is the plaintiff's additional motion in limine regarding use of alcohol [#71]. For the reasons stated below, the motion is denied.

■[ For further details see text below.]

00:00

## STATEMENT

The plaintiff brings claims against Officer Zala of excessive force, false arrest, battery, assault and malicious prosecution. The plaintiff moves in limine to prevent the defendants from admitting evidence or making reference to the use of alcohol by either the plaintiff or any of his companions on August 17, 2007, the date of the incident at issue.

However, "consumption of alcohol may be relevant to [the witness'] memory and perception of events." *Brandon v. Village of Maywood*, 179 F. Supp. 2d 847, 853 (N.D. Ill. 2001) (citations omitted). Thus, alcohol use can bear on the jury's determination regarding a witness' credibility. *Gribben v. City of Summit*, No. 08 C 0123, 2010 WL 2928094, at *2 (N.D. Ill. Jul. 20, 2010) ("[Whether a witness was intoxicated at the relevant time] may . . . be important when the jury is deciding credibility issues.").

Moreover, whether the plaintiff was intoxicated is relevant to the merits of his claims. For example, "the reasonableness inquiry in an excessive force case is an objective one: the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Abdullahi v. City of Madison*, 423 F.3d 763, 768 (7th Cir. 2005) (citations and internal quotation marks omitted). Thus, evidence that the plaintiff was intoxicated just prior to his interaction with the plaintiff is directly relevant to the question of whether Officer Zala acted reasonably. *Gribben,* No. 08 C 0123, 2010 WL 2928094, at *2 ("[The witness'] behavior is absolutely at issue, and his state of being-whether he was belligerent, calm or respectful-will be important when the jury is asked to consider the officers' behavior in response. Certainly, the officers' impressions and observations concerning his behavior are relevant, and this evidence may be important to the jury's consideration of the reasonableness or unreasonableness of the defendants' conduct at the scene of the accident.").

| STATEMENT |
|---|
|       Nor is the court persuaded that evidence of the plaintiff's intoxication is inadmissible under Fed.R.Evid. 403. While the evidence of intoxication may result in some prejudice, the court does not find that its probative value is substantially outweighed by the danger of unfair prejudice.<br><br>      Because evidence of intoxication is relevant to the merits of the claims at issue and bears on the jury's assessment of the witness' credibility, the plaintiff's motion in limine to exclude evidence of or reference to alcohol use is denied. |
| |