IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| DETRICK THOMAS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.    09 C 5025 |
| | ) | Judge Blanche M. Manning |
| | ) | |
| OFFICER ZALA AND CITY OF | ) | |
| CHICAGO, | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

After a four-day trial, the jury returned a verdict in favor of Detrick Thomas and against the City of Chicago and Officer Veejay Zala as to the counts for malicious prosecution, battery, excessive force and punitive damages for a total award of $55,000 in damages. The defendants move for a new trial under Fed. R. Civ. P. 59. Rule 59 allows a court to order a new trial if "the verdict is against the weight of the evidence, the damages are excessive, or if for other reasons the trial was not fair to the moving party." *Pickett v. Sheridan Health Care Ctr.*, 610 F.3d 434, 440 (7th Cir. 2010) (citation omitted). For the reasons stated below, the motion [is granted in part and denied in part.

A. Did Jury Render Inconsistent Verdicts as to the False Arrest and Malicious Prosecution Counts?

The jury found for the plaintiff with respect to the malicious prosecution count but for the defendants with respect to the false arrest count. The defendants contend that these verdicts were inconsistent because they both require a finding of a lack of probable cause for liability. Thus, according to the defendants, probable cause cannot exist in one count but not another.

"A new trial based on inconsistent verdicts is warranted only when a jury's verdict cannot be reconciled with the evidence at trial." *Fox v. Hayes*, 600 F.3d 819, 844 (7th Cir. 2010) (citation omitted). "Any plausible explanation for the verdict precludes reversal." *Id*. The instruction as to false arrest stated as follows:

> In this case, plaintiff claims that defendant Officer Zala falsely arrested him. To succeed on this claim, plaintiff must prove each of the following things by a preponderance of the evidence: one, defendant Officer Zala arrested plaintiff and two, defendant Officer Zala did not have probable cause to arrest plaintiff.

The instruction for malicious prosecution was given as follows:

> Another action brought by plaintiff against defendant is for malicious prosecution under state law. In order for the plaintiff to succeed on this claim, he must

provide [sic] the following elements by a preponderance of the evidence: number one, defendant Officer Zala initiated the criminal proceedings against the plaintiff; two, the criminal proceeding ended in plaintiff's favor; three, defendant Officer Zala lacked probable cause to initiate the proceeding; four, defendant Officer Zala acted maliciously or for a purpose other than bringing plaintiff to justice; and five, resulting damages.

As the defendants correctly state, generally, "the existence of probable cause for an arrest totally precludes any Section 1983 claim for unlawful arrest, false imprisonment or malicious prosecution, regardless of whether the defendant had malicious motives for arresting the plaintiff." *Smith v. City of Chicago*, 913 F.2d 469, 473 (7th Cir. 1990) (citation omitted). Thus, the defendants state that because the jury concluded that probable cause existed for the arrest, it also must have existed to preclude success on the malicious prosecution claim.

The plaintiff, however, without citation to authority, asserts that the verdicts are not necessarily inconsistent because false arrest and malicious prosecution are two distinct causes of action with "two different probable cause standards," Resp. a t 4, Dkt. #100, and thus, the jury could have concluded that probable cause existed for the arrest but not for the malicious prosecution. The court notes that the plaintiff does not dispute that the plaintiff was arrested or argue that the jury could have concluded that the plaintiff was not arrested. Accordingly, the court only addresses the probable cause prong of the false arrest jury instruction.

It is true that the Seventh Circuit has stated that:

> [A] malicious prosecution claim is treated differently from one for false arrest: whereas probable cause to believe that a person has committed any crime will preclude a false arrest claim, even if the person was arrested on additional or different charges for which there was no probable cause, probable cause as to one charge will not bar a malicious prosecution claim based on a second, distinct charge as to which probable cause was lacking.

*Holmes v. Village of Hoffman Estates*, 511 F.3d 673, 682 (7th Cir. 2007) (internal citations omitted). Indeed, another court in this district has noted that cases that state that probable cause is an absolute bar to false arrest and malicious prosecution claims "are incomplete" because they fail to take into account the holding of *Holmes*. *Akbar v. City of Chicago*, No. 06 C 3685, 2008 WL 5272463, at *3 (N.D. Ill. Dec. 12, 2008).

In *Holmes*, the Seventh Circuit concluded that defendant Officer Teipel was entitled to summary judgment on the false arrest claim for battery on a fellow officer because Teipel had probable cause to arrest the plaintiff after a fellow officer told Teipel that the plaintiff had hit him. The plaintiff had also alleged a malicious prosecution claim. The Seventh Circuit noted that "probable cause to believe an individual committed one crime [*i.e.*, the battery against the fellow officer]– and even his conviction of that crime – does not foreclose a malicious prosecution claim for additionally prosecuting the individual on a separate charge." *Id*. Thus,

the *Holmes* court stated that "although there was probable cause to support the charge that Holmes had committed a battery against [the fellow officer], we must separately consider whether there was probable cause to support the other charges for which Holmes was prosecuted." *Id*. at 684.

Specifically, Holmes clarified that his malicious prosecution claim was based only on the charges for battery against Officer Teipel and resisting arrest, not the battery charge against the fellow officer. After reviewing the record, the *Holmes* court concluded that genuine issues of material fact existed to preclude summary judgment on the malicious prosecution claim with respect to the charges for battery against Officer Teipel and resisting arrest.

In the instant case, it appears that the false arrest and malicious prosecution claims are based on the same charges against Thomas, *i.e.*, battery and resisting arrest. The plaintiff points to no evidence or argument upon which the jury could have concluded that the false arrest claim was related only to one charge while the malicious prosecution claim related only to the other. Accordingly, *Holmes* does not assist the plaintiff.

The plaintiff also argues, again without citation to authority, that the jury could have concluded that Zala had fabricated his story and falsified his reports, and if so, that Thomas then would not have had to defend the battery and resisting arrest charges. As noted above, the Seventh Circuit stated that the "the existence of probable cause for arrest is an absolute bar to a Section 1983 claim for unlawful arrest, false imprisonment, or malicious prosecution." *Schertz v. Waupaca County*, 875 F.2d 578, 582 (7th Cir. 1989). However, "[a]n exception to this rule exists, if the finding of probable cause is based on the defendant's intentional misrepresentation or concealment of material facts, the plaintiff may be able to proceed on a Fourth Amendment claim challenging the reasonableness of an arrest." *Id.* While the plaintiff argued to the jury that Officer Zala had misrepresented facts in his reports, the jury apparently concluded that it did not extinguish probable cause for the arrest as they concluded that the defendants were not liable for false arrest (and, as previously noted, there is no dispute that the plaintiff was arrested). Given that the complaint initiated by Officer Zala appears to have been based on the same charges using the same facts, the plaintiff has pointed to no evidence upon which a jury could find that probable cause existed for the arrest but not the initiation of the complaint. Accordingly, this theory is also unavailing for the plaintiff.

Because the plaintiffs have not pointed to any plausible basis for the different verdicts, the defendants' motion for a new trial on these claims is granted.

B. <u>Did Jury Render Inconsistent Verdicts as to the Assault Claim and the Battery Claim?</u>

The plaintiff also alleged assault and battery in one count; however, these were presented to the jury on the verdict form as two separate claims. The jury found for the plaintiff on the battery claim but for the defendants on the assault claim. According to the defendants, these are inconsistent verdicts which warrant a new trial.

As to the assault claim, the jury was instructed that "defendant Officer Zala intentionally and without lawful authority engaged in conduct which placed plaintiff in reasonable apprehension of receiving bodily harm and, two, that defendant Officer Zala acted willfully and wantonly." Regarding the battery count, the jury was instructed that the plaintiff must prove "one, that defendant Zala committed an intentional act or acts without legal justification that resulted in an insulting or provoking touching of plaintiff's person and, two, that as a direct result of defendant Zala's acts, plaintiff suffered some harm."

The defendants first argue that the verdicts are inconsistent and irreconcilable because in order to find for the defendants on the assault count, the jury had to find that Officer Zala had lawful authority to engage in conduct that placed the plaintiff in reasonable apprehension of receiving bodily harm, and that Zala did not act willfully or wantonly. "Willful and wanton conduct" was defined in another instruction as the deliberate intention to harm or utter indifference to and conscious disregard for the person's safety. As to the battery count, the jury had to find that the defendants lacked legal justification that resulted in the insulting or provoking touching of the plaintiff. Thus, according to the defendants, it cannot be reconciled that Zala had lawful authority to place the plaintiff in a reasonable apprehension of receiving bodily harm but did not have legal justification to actually touch the plaintiff.

The court disagrees. It is possible that the jury found that Officer Zala was not liable for assault because the plaintiff was not in reasonable apprehension of receiving bodily harm (i.e., being punched) prior to actually being punched, but at the same time finding that Zala lacked legal justification to punch the plaintiff.

The defendants also contend that it cannot be reconciled that Zala did not act willfully or wantonly with respect to the assault count but then acted intentionally with respect to the battery count. But, as just stated, it is possible that the jury found that Officer Zala was not liable for assault because the plaintiff was not in reasonable apprehension of receiving bodily harm (i.e., being punched) prior to actually being punched, but at the same time Zala did not have legal justification to punch the plaintiff. In that case, the willful and wanton element of the assault claim becomes irrelevant and need not be reconciled with the battery claim.

The court denies the motion for a new trial based on the purported inconsistencies between the assault and battery claims.

C.  Should Jury Have Been Allowed to Review Police Reports?

The defendants also contend that the jury should have been allowed to see the police reports that were discussed during the trial. During trial, four police reports regarding the event were admitted into evidence, including that Case Report, the Arrest Report, the Officer Battery Report, and the Tactical Response Report. During deliberations, the jury asked to see the police reports, which the court denied.

As stated by the Seventh Circuit:

> Generally, it is within the trial court's discretion to determine which exhibits are provided to the jury during deliberations; we review this decision only for a clear abuse of discretion. Such discretion is usually exercised to exclude exhibits that neither party has relied on, that have no relevance to any of the issues central to the case, or that are cumulative, prejudicial, confusing, or misleading. The clear abuse of discretion standard is deferential and recognizes that "[t]he admission or exclusion of evidence is a matter particularly suited to the broad discretion of the trial judge."

*Deicher v. City of Evansville*, 545 F.3d 537, 542 (7th Cir. 2008) (internal citations omitted).

Moreover, "a new trial is required if there is a reasonable possibility that a party is prejudiced by the district court's failure to provide certain exhibits to the jury, even if the exhibits are properly admitted." *Id.* at 543 ("Where a district court has unreasonably excluded exhibits from the jury to the detriment of a party and there is a reasonable possibility that the exclusion of this evidence influenced the verdict, this is a clear abuse of the district court's discretion.") (citations omitted).

At trial, the court denied the defendants' request that the police reports be sent back to the jury for use in their deliberations. The defendants contend that this was error because the reports were central to the plaintiff's allegations of wrongdoing given that the plaintiff argued to the jury that Zala had falsified information in the reports. While the defendants assert that the "jury was not allowed to see the length, detail and extent of the reports considered as a whole," Motion for New Trial at 9, the defendants have not pointed to any resulting prejudice. According to the defendants, the jury was "not able to see that two of the reports did not have a section whereby a narrative could be provided." Motion at 9. But this issue easily could have been brought to the juror's attention during redirect. The same holds true for the defendants' speculative contention that the jury "presumably requested the reports so they could determine what the content was of each report, whether there were errors on the reports, and if so, the extent and seriousness of the errors." *Id.* In addition, the defendants' assertion that by not allowing the reports to go back with the jury, "the Court was essentially unresponsive to the jury's attempt to clarify a matter," rings hollow in light of the defendants' failure to specify what that purported matter was.

The court heard extensive arugment on the issue and concluded that the police reports should not be sent back to the jury. Due to the danger of confusion and the potential for the reports to mislead the jury by exposing them to irrelevant information contained in the reports, it was proper for the court, in its discretion, to exclude them from the jury deliberations.

The motion for a new trial based on the argument that the jury should have been allowed to view the police reports during deliberations is denied.

D. <u>Should the Plaintiff's Medical Bill Have Been Admitted</u>?

The defendants next argue that the plaintiff's medical bill improperly was admitted into evidence despite the fact that the plaintiff failed to produce an expert witness to testify to the reasonableness of the plaintiff's treatment and to whether the charges were usual or customary for the services rendered.

The medical bill at issue is one from the emergency room at West Suburban Medical Center, which the plaintiff visited immediately after he was released from jail after having been arrested by Officer Zala. The bill indicates a charge of $3,121.36 for a "CT Scan/Head" and "811.96" for Emergency Room-Emergent." Plaintiff's Trial Exh. 3. Dr. Richard Ruff, the emergency room doctor who treated the plaintiff, testified that the plaintiff complained of pain in his head, neck, and face and that he appeared to have trauma to his face. Dr. Ruff further testified that he sent the plaintiff for a CT Scan of his head "to rule out serious or life-threatening injuries." Tr. at 150.

When the plaintiffs sought to admit the medical bill into evidence, the defendants did not object. Tr. at 320, ll. 11-13. Accordingly, any objection has been waived. Fed. R. Evid. 103(a)(1) ("Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and . . . [i]n case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context. . . ."). Moreover, the defendants have not shown that the admission of the medical bill affected one of their substantial rights. Thus, the motion for a new trial based on the admission of the medical bill is denied.

  E. <u>Should Investigator Sanchez Have Been Allowed to Testify</u>?

During the trial, the defendants sought to call Office of Professional Standards Investigator Jessica Sanchez to impeach witness Daniel Adkins, who testified on behalf of the plaintiff. According to the defendants, Sanchez's testimony was necessary to impeach Adkins testimony that he signed his OPS statement without reviewing it first. However, as the plaintiff points out, Sanchez would not have impeached this statement because she testified in the offer of proof that she had no independent recollection of Adkins and can only state that she generally watches witnesses read their statements and then sign them. Tr. at 338-39. Moreover, defense counsel already had used Adkins' deposition testimony to impeach him on this point. Tr. at 209 l. 19 -210, l.3.

A new trial may be ordered on the basis of an evidentiary error "if the error has a substantial and injurious effect or influence on the determination of a jury." *Cerabio LLC v. Wright Med. Tech., Inc.*, 410 F.3d 981, 994 (7th Cir. 2005) (citation omitted). Because the defendants have failed to make such a showing as to the disallowance of Sanchez's testimony, the court denies the defendants' motion for a new trial on the ground that Sanchez should have been allowed to testify.

  F. <u>Should the Jury Have Been Made Aware of Eddie Welch's Intoxication</u>?

According to the defendants, during closing arguments, the plaintiff's counsel made Officer Zala appear unreasonable because he did not let the plaintiff and his friends simply move the van instead of calling for a tow truck. The defendants argue that the jury should have been made aware that the driver of the van that was illegally parked, Eddie Welch, was drunk and could not have moved the van even if Officer Zala had allowed him to do so.

The court rejected as irrelevant defense counsel's attempt to question another witness, Daniel Adkins, about whether Eddie Welch was drunk. The defendants contend that this was error and state that "[i]f the jury knew all the facts, it would have given them a better perspective of the fact that Officer Zala was trying to de-escalate the situation that night when he could have arrested the men for public intoxication." Motion for New Trial at 13. The court heard argument and turned down the defendants' attempted inquiry into whether Welch, who was not a witness at trial, was drunk because it was irrelevant and would have led to an unnecessary and time-consuming tangent in the trial. The defendants have failed to show that the court's decision that Adkins could not be questioned as to Welch's sobriety or lack thereof had a substantial or injurious effect on the jury's determination. Accordingly, the motion for a new trial on this basis is denied.

    G.    <u>Should the Jury Instruction that the Plaintiff Could Not Resist Even an Unlawful Arrest Have Been Given</u>?

The defendants next contend that their proffered jury instruction that a person cannot resist arrest, even if there is not a basis for that arrest, should have been given. According to the defendants, any injury suffered by the plaintiff was a direct result of the fact that he wrongfully resisted arrest and the jury was not instructed that the plaintiff could not resist the arrest in any way.

"In order to receive a new trial based on erroneous instructions, a defendant must show both that the instruction did not adequately state the law and that the error was prejudicial to him because the jury was likely to be confused or misled." *Warfield v. City of Chicago*, 679 F.Supp. 2d 876, 884 (N.D.Ill. 2010) (citations, internal quotation marks, and brackets omitted). The court rejected the defendants' proffered instruction on the ground that it was unnecessary in light of the defendants' proffered instruction that "a police officer need not retreat or desist from efforts to make a lawful arrest because of resistance or threatened resistance to the arrest. He is justified in the use of force which he reasonably believes to be necessary to effect the arrest." The jury found for the plaintiff on the excessive force claim.

The defendants assert that their instruction was not cumulative or confusing to the jury, and would have been helpful to the jury as a correct statement of the law. They contend that the "instruction would have been instructive to the jury in that they should have been aware that the Plaintiff could not resist arrest (which Defendant Officer Zala claims Plaintiff did) even if Plaintiff thought that the arrest was unlawful." Reply at 11, Dkt. #107. However, as already noted, the court deemed this instruction unnecessary in light of the other instruction that was given, which told the jury that Officer Zala was permitted to use the amount of force reasonably

necessary to effect the arrest and need not desist because of resistance or threatened resistance from the arrestee. This instruction is directly applicable to the excessive force claim. The defendants have failed to articulate how the instruction that was given did not adequately state the law or was prejudicial to them because the jury was confused or misled.

> H. Should Certain Jurors Have Been Excused For Cause?

The defendants next contend that two potential jurors, Jordan and Perez, should have been dismissed for cause so that the defendants did not have to use peremptory challenges to dismiss them. The defendants cite no authority for this position and the argument is therefore forfeited. *White Eagle Cooperative Ass'n v. Conner*, 553 F.3d 467, 476 n.6 (7th Cir. 2009) (arguments that are undeveloped and unsupported by citations to authority are forfeited).

> I. Should Certain Discovery Documents Have Been Provided to the Jury?

Finally, the defendants assert that the jury should have received copies of the plaintiff's answers to interrogatories and responses to the defendants' requests to admit, which were used to impeach him. They contend that because of the number of times the plaintiff was impeached with his discovery responses, jury confusion may have resulted.

As noted above, a new trial may be granted based on an evidentiary error only "if the error has a substantial and injurious effect or influence on the determination of a jury." *Cerabio LLC,* 410 F.3d at 994. The jury was present for all of the instances of impeachment during the plaintiff's testimony as well as the defendants' closing argument in which counsel summarized several specific discrepancies between the plaintiff's testimony and his discovery responses. Defense counsel also reminded the jury that the plaintiff had been impeached ten times. The court can ascertain no basis for jury confusion on this record. The defendants' general reference to jury confusion fails to meet the stringent standard for a new trial based on a purported evidentiary error; therefore, the motion for a new trial on this ground is denied.

**ENTERED:**

**Date**: June 27, 2011

_____
**Blanche M. Manning**
**United States District Judge**